**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KELLY LEON WAYMIRE,

Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

Respondent - Appellee.

No. 14-5107
(D.C. No. 4:11-CV-00205-CVE-TLW)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Petitioner-Appellant Kelly Leon Waymire, an Oklahoma state inmate, seeks

a certificate of appealability (COA) to appeal the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Waymire

has failed to make a "substantial showing of the denial of a constitutional right,"

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), and we therefore deny his

request for a COA and dismiss the appeal.

Background

Mr. Waymire's convictions are the result of his actions on October 1, 2007,

when he invaded the Broken Arrow, Oklahoma, home of his ex-girlfriend, Teresa

Thompson. The facts underlying the home invasion can be briefly summarized as follows: violating a protective order, Mr. Waymire showed up at Thompson's home early on the morning of October 1, when Thompson, her 15-year old daughter (L.T.), and her then-current boyfriend (George Edwards), were home. Mr. Waymire forcefully entered the home over Edwards' resistance and, in the process, attempted to shoot Edwards with one of the handguns he was carrying. Once inside the home, Mr. Waymire made his way to the master bedroom where he shot Thompson at very close range. The bullet pierced her arm, entered her torso, and severed her spinal cord, resulting in immediate paralysis. Upon law enforcement's arrival, Mr. Waymire opened fire on several officers, striking one of them in the bullet-proof plate covering his chest. Despite the efforts of a crisis negotiator, Mr. Waymire refused to release Thompson, who was in desperate need of medical assistance. After several hours of failed negotiation, law enforcement executed their hostage rescue plan by forcefully entering Thompson's home. As the hostage team executed their rescue plan, Mr. Waymire again fired several rounds at the officers before he dropped his weapon and surrendered to the police. Mr. Waymire was taken into custody.

Following a jury trial, Mr. Waymire was convicted of the following offenses: five counts of shooting with intent to kill,[*] one count of first-degree

---

[*] The jury found Mr. Waymire guilty on all of the shooting with intent to kill charges—one each for Thompson, Edwards, and three law enforcement officers. At sentencing, however, the judge dismissed one of these charges on

burglary, one count of possession of a firearm while under DOC supervision, one count of kidnapping, one count of violating a protective order, and one count of cruelty to animals.  Mr. Waymire was sentenced to consecutive terms of life imprisonment on each of the shooting with intent to kill charges and several varying terms of imprisonment on the other charges, to be served concurrently with the life sentences.  On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment and sentence of the district court, remanding for a technical correction on one count.  1 R. 360–66 (No. F-2008-1088 (Dec. 11, 2009)).  Mr. Waymire sought state post-conviction relief; the state district court's denial, 1 R. 389–97, was affirmed by the OCCA, id. 449–51 (No. PC 2010-0962 (Jan. 19, 2011)).

After exhausting his state court remedies, Mr. Waymire filed a petition for a writ of habeas corpus in federal district court.  He asserted eight grounds for relief, most of which were identical to claims raised on direct appeal.  Among other things, he asserted claims of insufficient evidence, violations of the Double Jeopardy Clause, constitutionally ineffective assistance of counsel, excessive sentence, and improper admission of irrelevant and prejudicial evidence.  The federal district court denied the exhausted claims on the merits and applied an anticipatory procedural bar to Mr. Waymire's sole unexhausted claim.  Waymire v. McCollum, No. 11–CV–0205–CVE–TLW, 2014 WL 3854349 (N.D. Okla. Aug.

double punishment grounds.

-3-

6, 2014).

## Discussion

For this court to grant a COA, Mr. Waymire must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Thus, Mr. Waymire must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. For the claim that the district court rejected on procedural grounds, Mr. Waymire must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 478.

The district court applied the standards set forth in § 2254(d) to Mr. Waymire's claims that had been adjudicated on the merits. Under that section, a writ of habeas corpus will be granted only if the state court's adjudication of the claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

-4-

determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). While Mr. Waymire's notice of appeal indicates that he is appealing from the district court's resolution of <u>all</u> his claims, his opening brief and application for COA hone in on a single issue: as to his ineffective assistance of counsel claim(s), the district court failed to apply the "full" standard of § 2254(d). According to Mr. Waymire, the district court failed to consider whether the OCCA's decision was based on an unreasonable determination of the facts in light of the evidence presented (citing § 2254(d)(2)). Aplt. Br. at 2. The district court's order only expressly addresses the standard set forth in 2254(d)(1). As with each of his other claims, Mr. Waymire has failed to meet his burden under § 2254(d)(1) or (2).

Mr. Waymire's argument on appeal is that trial counsel was ineffective vis-a-vis a defense of <u>involuntary</u> intoxication. The Oklahoma state courts found that this claim was without merit. 1 R. at 364 & n.1. Significantly, those courts concluded that (a) trial counsel investigated and was prepared to present a defense of intoxication and (b) in order for such a defense to be viable, Mr. Waymire necessarily would have had to testify to what intoxicants, if any, he had ingested in the time leading up to his crimes. <u>Id.</u> at 150, 154; <u>see id.</u> at 364, 396. Applying <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the OCCA rejected Mr. Waymire's ineffective assistance of counsel claim. 1 R. 364–365 ("Any failure to

substantiate an intoxication defense lies with Appellant, not his trial counsel.") (citing Strickland, 466 U.S. at 691).

Mr. Waymire argues that the OCCA's resolution of his ineffective assistance of counsel was based on an unreasonable determination of the facts in light of the evidence before the trial court. In its order denying Mr. Waymire's petition for writ of habeas corpus, the district court did not specifically invoke the standard of § 2254(d)(2); rather, it stated that "Petitioner must demonstrate that the OCCA's adjudication was an unreasonable application of Strickland." Waymire, 2014 WL 3854349, at *12. It then set forth a detailed analysis of why the OCCA's application of Strickland to the facts of Mr. Waymire's case was not unreasonable. Id. at *12–15. Mr. Waymire counters that "it was unreasonable to conclude that only via the testimony of Waymire could the defense [of involuntary intoxication] be adequately established," Aplt. Br. at 7, because "Waymire could prove intoxication via third party: psychiatrist & expert testimony—so this too is not reasonably factually," id. at 2. He further contends that if his testimony was necessary to the defense of involuntary intoxication, trial counsel performed deficiently by advising him not to take the stand. Thus, Mr. Waymire argues, the district court "did not review the OCCA's finding under [the 28 U.S.C. § 2254(d)(2)] prong," id. at 2, and if it had, it would have concluded that the OCCA's decision was based on an unreasonable determination of the facts.

We reject Mr. Waymire's argument that the OCCA based its decision on an unreasonable determination of the facts before it. Moreover, we do not think that the district court's deference to the OCCA's conclusion on this point is reasonably debatable.[**] It is the petitioner's burden to establish the state court's error, see Woodford v. Visciotti, 537 U.S. 19, 25 (2002), and the district court's failure to explicitly "find" that the OCCA's decision rested on a reasonable determination of the facts does not mandate the grant of a COA. Mr. Waymire has failed to meet his burden. Despite his assertions to the contrary, "[t]here was no other way for trial counsel to establish whether Appellant had ingested any controlled, prescribed, or otherwise intoxicating combination of substances at such time as could have affected his mental faculties." 1 R. at 364. Mr. Waymire did not then, nor does he now, contend that any of the witnesses he has identified would testify that he had ingested intoxicating substances at any time relevant to the commission of his crimes. Nor does Mr. Waymire contend that trial counsel told him he could not testify in support of an involuntary intoxication defense; he simply contends that trial counsel advised him not to testify. As the district court

---

[**] Factual determinations made by a state court are presumed correct and Mr. Waymire has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Though the difference between a legal conclusion and a factual determination is not always easy to draw, see Lopez v. Smith, 135 S. Ct. 1, 5 (2014); see also Williams v. Taylor, 529 U.S. 362, 408 (2000) (O'Connor, J., concurring) (noting the difficulty of distinguishing between a mixed question and a fact question), merely because this court might come to a different factual conclusion in the first instance is not sufficient. Burt v. Titlow, 134 S. Ct. 10, 15 (2013).

noted, there appears to be several valid reasons why his attorney advised him as such. Waymire, 2014 WL 3854349, at *14 n.3. In short, Mr. Waymire points to no evidence that suggests the OCCA's resolution of his claim was based on an unreasonable determination of the facts.

As to Mr. Waymire's other claims, upon reviewing the relevant record documents, state and federal court decisions, and the application for COA, we must conclude that Mr. Waymire has failed to make a "substantial showing of the denial of a constitutional right." Miller-El, 537 U.S. at 336. The district court's order and judgment denying Mr. Waymire's petition and request for COA amply sets forth the reasons why Mr. Waymire has failed to satisfy the deferential standards set forth in 28 U.S.C. § 2254(d).***

---

*** We think it important to recognize, as did the district court, that the OCCA applied the wrong legal standard in considering Mr. Waymire's Eighth Amendment claim of an excessive sentence. This legal error, however, does not necessitate reversal or even the grant of a COA. In collateral review of a state court's criminal judgment, any constitutional error "is deemed harmless unless it had a substantial and injurious effect or influence in determining the jury's verdict." Lockett v. Trammel, 711 F.3d 1218, 1232 (10th Cir. 2013) (internal quotations and citations omitted). "A substantial and injurious effect exists if a 'court finds itself in grave doubt about the effect of the error on the jury's [sentencing decision].'" Id. (quoting Bland v. Sirmons, 459 F.3d 999, 1009 (10th Cir. 2006)). We have no problem concluding that any legal error in the OCCA's analysis was harmless.

Accordingly, we DENY a COA and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge